IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES GREENE,
on behalf of Victoria Greene,
deceased                                                                                    PLAINTIFF


VS.                    No. 4:21-cv-00848 PSH


MARTIN O'MALLEY,[1]
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION                                                 DEFENDANT


**ORDER**

Bryan Konoski ("Konoski"), attorney for plaintiff James Greene ("Greene"), seeks an award of attorney's fees in the amount of $9,373.50 pursuant to 42 U.S.C. § 406(b). Konoski's motion is granted.

Defendant Martin O'Malley ("O'Malley") responded to Konoski's motion. Docket entry no. 29. Konoski and O'Malley agree to the legal principles guiding the Court, as set forth in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). The Supreme Court explained:

---

[1] Martin O'Malley, appointed as Commissioner of Social Security on December 20, 2023, is substituted as the defendant in this case. Fed.R.Civ.P. 25(d).

1

> . . . we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. *See, e.g., McGuire*, 873 F.2d, at 983 ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); *Lewis v. Secretary of Health and Human Servs.*, 707 F.2d 246, 249–250 (C.A.6 1983) (instructing reduced fee when representation is substandard). If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. *See Rodriquez*, 865 F.2d, at 746–747. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. *See id.*, at 747 (reviewing court should disallow "windfalls for lawyers"); *Wells*, 907 F.2d, at 372 (same). In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

535 U.S. at 807–08.

Two questions flow from *Gisbrecht*. The first question – is the fee sought within the 25 percent boundary – is answered in the affirmative, as Konoski seeks

exactly 25 percent of the past-due benefits awarded to his client.

On the second question – is the fee reasonable for the services rendered – the Court finds the award of the full 25 percent is reasonable in this instance. There is no suggestion that Konoski's representation was substandard, nor was he responsible for any delay in the proceedings. O'Malley takes no position on the request to award this amount. And the amount requested is not a large amount greater than that already awarded in EAJA fees, $8,500.00. The Court finds the full award of $9,373.50 would not be a windfall to Konoski. Since Konoski previously received an EAJA award of $8,500.00, O'Malley is directed to pay Konoski the net amount of $873.50.

The motion (Doc. No. 29) is granted.

IT IS SO ORDERED this 11th day of March, 2024.

_____
UNITED STATES MAGISTRATE JUDGE